IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
Assigned on Briefs May 17, 2017

## JOSEPH CORDELL BREWER, III v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Obion County**
**No. CC-16-CR-49   Jeff Parham, Judge**

_____

### No. W2016-02106-CCA-R3-PC

_____

Petitioner, Joseph Cordell Brewer, III, appeals from the denial of relief following a hearing on his petition for post-conviction relief.  Only Petitioner and his trial counsel testified at the post-conviction hearing.  Since Petitioner failed to present evidence of any prejudice to him as a result of trial counsel's alleged deficient representation, we affirm the judgment of the post-conviction court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

THOMAS T. WOODALL, P.J., delivered the opinion of the court, in which JOHN EVERETT WILLIAMS and ROBERT W. WEDEMEYER, JJ., joined.

Megan B. Allen, Martin, Tennessee, for the appellant, Joseph Cordell Brewer, III.

Herbert H. Slatery III, Attorney General and Reporter; Renee W. Turner, Senior Counsel; Thomas A. Thomas, District Attorney General; and Jim Cannon, Assistant District Attorney General, for the appellee, State of Tennessee.

### OPINION

*Background*

Following a jury trial, Petitioner was convicted of the Class C felony theft of a 2009 Honda Odyssey minivan, one count of Class D felony evading arrest, and one count of Class A misdemeanor evading arrest.  On direct appeal to this Court, the conviction for Class D felony evading arrest was reduced to a conviction for Class E felony evading arrest, the other two convictions were affirmed, the Class E felony evading arrest conviction was remanded for resentencing, and the other sentences were affirmed.  *State*

*v. Joseph Cordell Brewer, III*, No. W2014-01347-CCA-R3-CD, 2015 WL 4060103 (Tenn. Crim. App. June 1, 2015).

Relevant to the issues raised in this post-conviction appeal, Petitioner was identified as the driver of the stolen vehicle by a police officer. The officer observed Petitioner driving the vehicle just prior to a high speed chase that began after the same officer turned on his blue lights to initiate a stop of the vehicle. When the vehicle drove through a red light at approximately 100 miles per hour, the officer backed off the chase until he could safely cross the same intersection. After the officer saw the vehicle make a turn, the officer also turned, and he found the vehicle crashed into a chain link fence with the engine running and the car in the drive gear. However, the vehicle was unoccupied, and nobody was at the scene. *State v. Joseph Cordell Brewer, III*, 2015 WL 4060103 at *1-3.

### Post-Conviction Proceedings

Petitioner argues on appeal that trial counsel rendered ineffective assistance of counsel by: (1) failing to present an expert witness to testify about the problems with eyewitness testimony, and (2) failing to raise a challenge to the constitutionality of the racial makeup of the jury venire, pursuant to *Batson v. Kentucky*, 476 U.S. 79 (1986).

Called by Petitioner at the post-conviction hearing, trial counsel testified that he had been an attorney for twenty-nine years and had been a criminal defense attorney for all but three years. Trial counsel stated that he cross-examined Officer Buchanan, the policeman who testified that he had identified Petitioner as the driver of the stolen vehicle.

From the testimony at the post-conviction hearing, it is apparent Officer Buchanan is Caucasian and Petitioner is African-American. Trial counsel acknowledged that he did not call an expert witness to testify concerning eyewitness testimony when it relates to a cross-racial identification issue. When trial counsel was asked if he ever discussed with Petitioner the possibility of obtaining an eyewitness expert to testify he responded, "I absolutely do not recall any discussions like that." Trial counsel stated that he had "briefly" looked at his file, and he did not see any notes reflecting such discussion with Petitioner. Trial counsel also testified that he did not normally consult with an expert witness whenever one of his cases had a cross-racial identification issue. He added that he was not aware of whether it was the "standard" practice to seek such a consultation.

Trial counsel could not recall whether any African-American jurors were selected "during the jury selection process." Trial counsel stated that he always has discussions with his clients, including Petitioner, about matters pertaining to the selection of jurors

during the jury selection process. Again, trial counsel could not recall if Petitioner brought up his concerns about discrimination during the jury selection process.

During cross-examination by the State, trial counsel testified that after the post-conviction petition had been filed, he contacted the Tennessee Administrative Office of the Courts ("AOC") for information about any available expert witnesses on eyewitness testimony. Without identifying who he spoke with at the AOC, other than referring to the person(s) as "they," trial counsel testified that he was informed it was easier to obtain approval for paying an eyewitness expert to testify in a murder case than it was in a much less serious case.

Petitioner testified that he and trial counsel met while Petitioner was in jail awaiting disposition of his charges. They discussed the State's negotiated plea offer for an effective sentence of six years. Petitioner testified that trial counsel stated that the settlement offer "was a pretty good plea bargain." Petitioner added in his testimony that the offer from the State was a good plea bargain, "but at the time I thought it wasn't because I was the one that was sitting behind bars, sitting in jail."

Petitioner testified that this meeting was "months before the trial," and at the same meeting he asked trial counsel if trial counsel could "hire someone to rebut [the] officer's statement" about positively identifying Petitioner after seeing him for only a few moments. Petitioner testified that trial counsel's response was "my office doesn't make a practice of doing that." Petitioner acknowledged that he never brought the subject up with trial counsel again.

As to the issue regarding the racial makeup of the jury venire, Petitioner testified that during jury selection, he asked trial counsel why the lone African-American member of the panel had not been chosen. According to Petitioner, trial counsel responded that he did not know the answer and said he "had nothing to do with that." Petitioner testified that he specifically asked trial counsel why there was only one African-American on the panel.

No other witnesses testified at the post-conviction hearing. The entire testimony of both witnesses consisted of only seventeen pages. Absolutely no proof was presented or submitted as an offer of proof as to what the testimony might be of an expert witness on cross-racial eyewitness identification problems. No evidence was submitted as to how potential jurors were selected, the racial makeup of Obion County, or the history of the racial makeup of jury venires in Obion County. The only evidence submitted as to the number of African-Americans in the jury venire was Petitioner's testimony.

After all evidence was presented, the post-conviction court heard closing arguments and took the matter under advisement. The post-conviction court subsequently entered an order denying relief. In the order, the post-conviction court stated that after reviewing the evidence adduced at the post-conviction hearing, the transcript of the trial, and the exhibits at trial, "the evidence fails to establish by a clear and convincing standard that the Petitioner received ineffective assistance of counsel."

The post-conviction court failed to make even an implicit credibility determination of the witnesses. Nevertheless, Petitioner failed to present any evidence of prejudice to him caused by trial counsel's alleged deficient representation.

Post-conviction counsel had filed, about one month prior to the post-conviction hearing, a motion for the post-conviction court to order funds to pay for an eyewitness identification expert to testify on behalf of the indigent Petitioner. The motion alleged that the expert testimony was necessary to prove that trial counsel rendered ineffective assistance of counsel by failing to present such testimony at trial. On the day before the post-conviction hearing, post-conviction counsel filed a notice withdrawing that motion because of language in Tenn. Sup. Ct. R. 13, § 5, "which states funding for an expert [witness] in non-capital post-conviction proceedings *shall not* be authorized or approved."

In a post-conviction proceeding, the burden is on the Petitioner to prove his factual allegations for relief by clear and convincing evidence. T.C.A. § 40-30-110(f); *see Dellinger v. State*, 279 S.W.3d 282, 293-94 (Tenn. 2009). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. *Fields v. State*, 40 S.W.3d 450, 456 (Tenn. 2001). Additionally, "questions concerning the credibility of the witnesses, the weight and value to be given their testimony, and the factual issues raised by the evidence are to be resolved" by the post-conviction court. *Id*. Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. *Id*. at 457.

In order to prevail on an ineffective assistance of counsel claim, the petitioner must establish that (1) his lawyer's performance was deficient and (2) the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984); *Baxter v. Rose*, 523 S.W.2d 930, 936 (Tenn. 1975). "[A] failure to prove either deficiency or prejudice provides a sufficient basis to deny relief on the ineffective assistance claim. Indeed, a court need not address the components in any particular order or even address both if the [petitioner] makes an insufficient showing of one component." *Goad v. State*, 938 S.W.2d 363, 370 (Tenn. 1996) (citing *Strickland*, 466 U.S. at 697). A

petitioner successfully demonstrates deficient performance when the evidence proves that his attorney's conduct fell below "an objective standard of reasonableness under prevailing professional norms." *Id*. at 369 (citing *Strickland*, 466 U.S. at 688: *Baxter*, 523 S.W.2d at 936). Prejudice arising therefrom is demonstrated once the petitioner establishes "'a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.'" *Id*. at 370 (quoting *Strickland*, 466 U.S. at 694).

As to the circumstances of this case, when a Petitioner alleges that trial counsel rendered ineffective assistance of counsel by failing to present a witness, including an expert witness, an expert witness must be presented at the post-conviction hearing in order to prove the prejudice prong of *Strickland*. *Pylant v. State*, 263 S.W.3d 854, 869 (Tenn. 2008); *see also Vernica Shabree Calloway v. State*, No. M2016-02576-CCA-R3-PC, 2017 WL 3836025 (Tenn. Crim. App. Sept. 1, 2017) (The petitioner failed to establish the ineffective assistance of counsel because she presented no proof at the post-conviction hearing that an expert witness was available to the defense, would have testified favorably for the defense, or that expert testimony would have changed the outcome of the petitioner's trial.).

We realize that a "Catch-22" dilemma exists because of Tenn. S. Ct. R. 13, § 5. Before an indigent petitioner such as in this case can get relief, he or she must obtain the services of an expert witness. However, funds for the expert witness to provide the necessary services to the indigent petitioner are prohibited by Tenn. S. Ct. R. 13, §5. A non-indigent petitioner can, however, meet the requirements mandated by case law in order to obtain post-conviction relief.

However, we do not have the ability to overrule supreme court case law or supreme court rules. In addition, Petitioner did not make the specific argument in the post-conviction court or in this Court that his due process rights were violated by case law requiring him to present proof when a supreme court rule prohibits indigents like himself from receiving funds except in capital cases.

Despite the obvious impossibility of this indigent petitioner to prove prejudice, we conclude that case law mandates that Petitioner is not entitled to post-conviction relief due to ineffective assistance of counsel because an eyewitness expert witness was not called to testify at the post-conviction hearing. Petitioner failed to prove prejudice.

In addition, Petitioner failed to present any evidence at the post-conviction hearing to show what trial counsel should have presented to substantiate that a *Batson* challenge as to the racial makeup of the jury pool and/or the trial jury would have been successful.

Accordingly, Petitioner is not entitled to relief as to either claim of ineffective assistance of counsel.  Therefore, the judgment of the post-conviction court is affirmed.

_____

THOMAS T. WOODALL, PRESIDING JUDGE